UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| SCOTT MCCALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:14-cv-131 |
| | ) |
| PERDUE FARMS, INC, and | ) |
| SERVICE GENERAL CORP., d/b/a | ) |
| SERVICEXPRESS, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Scott McCall ("McCall"), by counsel, brings this action against the Defendants, Perdue Farms, Inc. ("Perdue Farms"), and Service General Corp. d/b/a ServiceXpress ("ServiceXpress"), collectively known as ("Defendant") alleging violations of the Americans with Disabilities Act of 1990, as amended ("ADAA"), 42 U.S.C. §12101 et seq.

**II. PARTIES**

2. McCall is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendants maintain offices and conduct business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 12117.

5. Perdue Farms is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

6. ServiceXpress is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

7. McCall is a qualified individual as that term is defined by the ADAA, 42 U.S.C. § 12111(8). At all relevant times, Defendants had knowledge of McCall's disability and/or it regarded McCall as being disabled and/or McCall has a record of being disabled.

8. McCall exhausted his administrative remedies by timely filing a Charge of Discrimination against the Defendants with the Equal Employment Opportunity Commission, claiming discrimination based on disability and age. McCall files this complaint within ninety (90) days of receipt of his Notice of Right to Sue.

9. All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. McCall is mentally and learning disabled and has been so for his entire life. McCall is limited in the major life activities of reading, writing, learning and speaking. In fact, his disabilities are such that he has a highly noticeable speech impediment.

11. ServiceXpress is an employment agency that places people with employers. McCall was placed at Perdue Farms' Washington, Indiana location on or about May 8, 2012.

12. During all relevant time periods, McCall met or exceeded Defendants' legitimate performance expectations.

13. From the outset of his employment, McCall was subject to a hostile work environment and harassed due to his disability. For example, McCall's co-workers, Nathan and John, made fun of the way he spoke due this speech impediment, threw things at him and called McCall "retarded".

14. McCall engaged in a protected activity and reported the harassment to his supervisor, Lisa Mack ("Mack"), on at least two occasions. Mack stated she would take care of the issue, but nothing was done and the harassment continued.

15. McCall again engaged in a protected activity by reporting the harassment to Perdue Farms' Human Resources contact, Erich _____. Erich stated he would speak with Mack; however, nothing was done and the harassment continued.

16. On or about August 23, 2012, Erich informed McCall that he was being terminated because he worked too slowly. McCall did not work too slowly and his work product was better than similarly-situated employees.

17. McCall spoke with Beth Kay ("Kay") at ServiceXpress. Kay told McCall that she did not receive any complaints from Perdue Farms' about his job performance and that she was going to place him with another employer.

18. However, on or about August 31, 2012, McCall received a letter from ServiceXpress' President, Bamdad Bahar, stating that McCall was terminated from ServiceXpress because he did not want to damage their relationship with Perdue Farms.

19. McCall was subjected to a hostile work environment based on his disability or his disability as perceived by the Defendants. McCall was terminated by the

Defendants based on his disability and/or for in retaliation for his complaints of disability discrimination.

### IV.  CAUSES OF ACTION

#### COUNT I-VIOLATION OF THE ADA - DISCRIMINATION

20. Paragraphs one (1) through nineteen (19) of McCall's Complaint are hereby incorporated.

21. Defendants violated McCall's rights as protected by the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. by subjecting him to a hostile work environment and terminating his employment due to his actual or perceived disability.

22. Defendants' actions were intentional, willful and in reckless disregard of McCall's rights as protected by the ADAA.

23. McCall has suffered and continues to suffer harm as a result of Defendants' unlawful actions.

#### COUNT II- VIOLATION OF THE ADA – RETALIATION

24. Paragraphs one (1) through twenty-three (23) of McCall's Complaint are hereby incorporated.

25. Defendants willfully and intentionally, with malice and/or reckless disregard violated McCall's rights as protected by the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. by terminating his employment in retaliation for his complaints of disability discrimination.

26. McCall has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## V. REQUESTED RELIEF

WHEREFORE, Plaintiff, Scott McCall, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for Defendants' unlawful employment actions, or award him front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, including lost future earning capacity, punitive damages and emotional distress damages;

4. Pay to Plaintiff pre- and post-judgment interest;

5. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

6. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

_s/Kyle F. Biesecker_____
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Scott McCall, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

_s/ Kyle F. Biesecker_____
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorneys for Plaintiff*